IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**OCIE LEE PACE JR.**                                                                                      **PLAINTIFF**

v.                                                                                      Case No. 3:14-CV-00129

**FITZGERALD CASINO,**                                                                          **DEFENDANT**

## ORDER

This matter comes before the court on the defendant Fitzgerald Casino's (hereafter "Fitzgerald's") motion for summary judgment [23] under the Federal Rules of Civil Procedure Rule 56. The court has reviewed the pertinent facts, and finds that the defendant's motion will be GRANTED.

Plaintiff Ocie Lee Pace alleges that he suffered from various illnesses after being exposed to "black smoke" while at the Fitzgerald Casino. Consequently, Pace filed a pro se suit against Filtzgerald's, alleging damages totaling $1,000,000 as a result of his medical expenses and illnesses.

On February 2nd, 2015, Fitzgerald's filed a Notice of Service [17] seeking the following discovery from Pace: (1) Production of Documents, (2) answers to Interrogatories, and (3) Requests for Admission. When Pace failed to submit discovery by the 30 day deadline, Fitzgerald's filed a Motion to Compel, and later a Supplemental Motion to Compel.

The magistrate judge granted Fitzgerald's motions and, by court order [25], required that Pace submit his Initial Disclosures, responses to Interrogatories, Requests for Production of Documents, and Requests for Admissions, by April 23, 2015. The court further warned that "failure to comply with the order would result in sanctions, up to and including an order that [Pace] must pay reasonable attorney's fees incurred by defendants and DISMISSAL of all his claims."

Pace has failed to submit initial disclosures or answers to interrogatories, failed to produce any documents requested by Fitzgerald, and refused to appear for a deposition properly filed with the court.

The only document Pace filed outside the pleadings was a "Motion to Intervene Inter Pleading Disclaiming Disputing Attachment," which states in part:

> Please be advised that it is our understanding that I one said Plaintiff, Ocie Lee Pace, Jr refuse, decline to submit and give deposition statement testimony regarding Defendant, Fitzgerald Casino & Hotel located at 711 Lucky Lane Robinsonville, Mississippi 38664 Fitzgerald Casino & Hotel Robinsonville, Mississippi, Tunica County, Mississippi as well as attorney Richard O. Underwood who represents one said Fitzgerald Casino & Hotel. On Friday, March 30, 2015 at 10:00 a.m., located at the United States District Courthouse [for] the Northern District of Mississippi Oxford Division, 911 Jackson Avenue E, Oxford, Mississippi 38655
>
> Therefore I one said Plaintiff, Ocie Lee Pac, Jr has no legal duty, legal obligation to submit to deposition statement testimony to one said Defendant Fitzgerald Casino & Hotel as well as attorney Richard O. Underwood who represents Fitzgerald Casino & Hotel. Therefore I one said Plaintiff Ocie Lee Pace, Jr will not, shall not be present for this so called deposition statement testimony on Friday, March 20, 2015 at 10:00 a.m at the United States District Courthouse for the Northern District of Mississippi, Oxford Division, 911 Jackson Avenue E, Oxford Mississippi 38655.

*See* Motion to Intervene Inter Pleading Disclaiming Disputing Attachment, p. 5. A jury trial for this case is set to begin on August, 3, 2015.

I.

Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue of any material fact," and the moving party is "entitled to judgment as a matter of law." Federal Rules of Civil Procedure 56(c). A party may support its position by citing to particular parts of materials in the record, admissions, interrogatory answers, or by showing that the materials cited do not establish presence of a genuine dispute. Federal Rules of Civil Procedure 56(c)(1)(A)-(B).

One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Summary judgment may be appropriate "if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir.1993). "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific

facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. (quotations omitted). Therefore, unsubstantiated assertions are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) (citing *Celotex*, 477 US. at 324).

Pace's case rests entirely on conclusory allegations, inferences, and speculation. While Fitzgerald's has complied in good faith with the rules of this court, Pace has ignored the court's orders and failed to present any material evidence that would support his claims. Any remaining hesitation to prematurely dispose of the suit is upended by Pace's refusal to participate in a deposition for discovery. As previously warned by the court, failure to comply with court orders would result in sanctions, including dismissal of all his claims. Pace's willful disregard for discovery in a case set for trial in just over thirty days gives the court compelling reasons to dismiss Pace's claims.

Therefore, the defendant's Motion for Summary Judgment [23] is **GRANTED**.

**SO ORDERED**, this, the 24th day of June, 2015.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**